FILED
2009 Nov-13  PM 02:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JOY P. KENDALL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **CIVIL ACTION** |
| | ) |
| **CITIMORTGAGE, INC.,** | )  **FILE NO. _____** |
| | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant CitiMortgage, Inc., ("CitiMortgage"), by and through its undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1331, 1367, 1441 and 1446, and appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq., and hereby gives notice of the removal of this action from the Circuit Court of Jefferson County, Alabama, Bessemer Division, to the United States District Court, Northern District of Alabama,

1788570 v1

Southern Division. In support thereof, Defendant respectfully shows the Court as follows:

1.

Plaintiff Joy P. Kendall ("Plaintiff") commenced this action by filing a Complaint ("Complaint") against CitiMortgage in the Circuit Court of Jefferson County, Alabama, Bessemer Division, Cause Number 2009-900089 on October 7, 2009. The Circuit Court of Jefferson County, Alabama, Bessemer Division is a state court within this judicial district and division.

2.

In the Complaint, Plaintiff asserts various claims against CitiMortgage based upon its role in servicing her loan. Plaintiff seeks damages based upon the following causes of action: breach of contract; negligence, wantonness, willfulness and/or malice; fraud; violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601, et seq.; violations of the Fair Debt Collections Practice Act ("FDCPA"), 15 U.S.C. §1692, et seq.; violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, et seq.; defamation; fraudulent junk fees; negligence in hiring, supervisory, and/or training; and unjust enrichment. (See Complaint, a true and correct copy of which is attached hereto as part of Exhibit "A").

3.

This case is properly removable pursuant to 28 U.S.C. § 1441, which

provides in pertinent part as follows:

> (a)  Except as otherwise expressly provided by Act of Congress, any
> civil action brought in a State court of which the district courts of the
> United States have original jurisdiction, may be removed by the
> defendant or the defendants, to the district court of the United States
> for the district and division embracing the place where such action is
> pending.  For purposes of removal under this chapter, the citizenship
> of defendants sued under fictitious names shall be disregarded.
>
> (b)   Any civil action of which the district courts have original
> jurisdiction founded on a claim or right arising under the Constitution,
> treaties or laws of the United States shall be removable without regard
> to the citizenship or residence of the parties.  Any other such action
> shall be removable only if none of the parties in interest properly
> joined and served as defendants is a citizen of the State in which such
> action is brought.

4.

Accordingly, this matter is properly removable under 28 U.S.C. § 1441(a)

and (b) as the United States District Court has original jurisdiction over this case

under 28 U.S.C. § 1331.

## FEDERAL QUESTION JURISDICTION
## EXISTS OVER THIS ACTION

5.

This case is properly removable pursuant to 28 U.S.C. § 1331, which

provides that this Court has "original jurisdiction of all civil actions arising under

the Constitution, laws, or treaties of the United States." Plaintiff has asserted a

claim under RESPA, 12 U.S.C. §2601, et seq., FDCPA, 15 U.S.C. § 1692, et. seq.,

and FCRA, 15 U.S.C. §1681, et seq. (See generally Complaint). Actions brought

in state court under federal statutes such as these are removable to federal court.

See 28 U.S.C. § 1441(b) (providing that civil actions that are founded on claims or

rights arising under federal laws "shall be removable without regard to the

citizenship or residence of the parties"); Athon v. Direct Merchants Bank, Civ. Act.

No. 5:06-CV-1 (CAR), 2007 WL 1100477, *1 (M.D. Ga. Apr. 11, 2007) (Royal,

J.) (acknowledging removal of FDCPA action to federal court was proper).

6.

Because Plaintiff has asserted claims arising under, and for alleged

violations of RESPA, FDCPA, and FCRA, this Court has federal question

jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1441(b).

**ADOPTION AND RESERVATION OF DEFENSES**

7.

Nothing in this Notice of Removal shall be interpreted as a waiver or

relinquishment of any of Defendant's rights to assert any affirmative defenses,

including, but not limited to, the defenses of: (1) lack of jurisdiction over the

person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of

service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute or otherwise. Defendant also reserves the right to demand arbitration, if applicable, pursuant to its contractual agreements with the Plaintiff and the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq.

## **PROCEDURAL REQUIREMENTS**

8.

This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

9.

Federal jurisdiction exists under 28 U.S.C. § 1331 because this civil action arises under "the Constitution, laws, or treaties of the United States."

10.

Supplemental jurisdiction exists under 28 U.S. § 1367 as to all of the other claims asserted by Plaintiff in her Complaint since they all arise from the same case or controversy.

11.

True, correct, and copies of "all process, pleadings, and orders" are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Defendant to date in this case.

12.

The Complaint was served on CitiMortgage on October 13, 2009. Accordingly, this Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

13.

Defendant has heretofore sought no similar relief.

14.

The United States District Court for the Northern District of Alabama, Southern Division, is the District and Division embracing the place where this action is pending in state court.

15.

Defendant reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

16.

Contemporaneously with the filing of this Notice of Removal, CitiMortgage has filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Circuit Court of Jefferson County, Alabama, Bessemer Division. Written notice of the filing of this Notice of Removal has also been served upon the Plaintiff.

WHEREFORE, CitiMortgage prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Jefferson County, Alabama, Bessemer Division, to the United States District Court for the Northern District of Alabama, Southern Division.

Respectfully submitted this 12 day of November, 2009:

Reid S. Manley (ASB-6842-E58R)
rmanley@burr.com

Matthew T. Mitchell (ASB-8674-W65M)
mmitchel@burr.com

ATTORNEY FOR DEFENDANT
CITIMORTGAGE, INC.

OF COUNSEL:

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **NOTICE OF REMOVAL** has been served on the following by directing same to the following addresses by *United States First Class Mail*, on this the 12th day of November, 2009:

Wesley L. Phillips, Esq.
Phillips Law Group
Post Office Box 130488
Birmingham, AL  35213


Reid S. Manley (ASB-6842-E58R)
rmanley@burr.com

ATTORNEY FOR DEFENDANT
CITIMORTGAGE, INC

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**68-CV-200**<br>Date of Filing:<br>10/07/2009 |  |
|---|---|---|---|



ELECTRONICALLY FILED
10/7/2009 3:24 PM
CV-2009-901089.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
EARL CARTER, CLERK

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
### JOY P. KENDALL v. CITIMORTGAGE, INC.

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawfyul Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☑ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT   _____

**HAS JURY TRIAL BEEN DEMANDED?**  ☐ Yes  ☑ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  PHI053   10/7/2009 3:18:20 PM   /s WESLEY L PHILLIPS

**MEDIATION REQUESTED:**  ☐ Yes  ☑ No  ☐ Undecided



EXHIBIT
A

ELECTRONICALLY FILED
10/7/2009 3:24 PM
CV-2009-900089.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
EARL CARTER, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BESSEMER DIVISION**

| | | |
|---|---|---|
| **JOY P. KENDALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.**_____ |
| | ) | |
| **CITIMORTGAGE, INC., et al;** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## SUMMONS

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**     **Citimortgage, Inc.**
                **c/o The Corporation Company**
                **2000 Interstate Park Drive, Suite 204**
                **Montgomery, Alabama 36109**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP,** Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.**  You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Clerk of Circuit Court of Jefferson County, Bessemer Division, Courthouse Annex, 1801 3rd Avenue North, Bessemer, Alabama 35020.

_____
Clerk of Court

Dated: _____

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>68-CV-2009-900089.00 |
|---|---|---|

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### JOY P. KENDALL v. CITIMORTGAGE, INC.

**NOTICE TO** _CITIMORTGAGE, INC., 2000 INTERSTATE PARK DR SUITE 204, MONTGOMERY, AL 36109_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS 15 Office Park Circle, Suite 206, Birmingham, AL 35223

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    JOY P. KENDALL
   pursuant to the Alabama Rules of the Civil Procedure

| 10/7/2009 3:25:30 PM | /s EARL CARTER | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s WESLEY L PHILLIPS |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

| _____ | _____ |
|---|---|
| Date | Server's Signature |

ELECTRONICALLY FILED
10/7/2009 3:24 PM
CV-2009-900089.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
EARL CARTER, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BESSEMER DIVISION**

**CIVIL ACTION NUMBER:** _____

**JOY P. KENDALL,**

**Plaintiff,**

**v.**

**CITIMORTGAGE, INC.; No. 1, whether singular or plural, that individual, employee, agent or entity or those individuals, employees, agents, or entities who or which serviced the mortgage and/or note made the basis of this suit; No. 2, whether singular or plural, that individual, employee, agent or entity or those individuals, employees, agents, or entities who or which serviced the mortgage and/or note made the basis of this suit at the time the debt on the Note and/or Mortgage was alleged to be in default; No. 3, whether singular or plural, that individual, employee, agent or entity or those individuals, employees, agents, or entities who or which began attempting to and/or did collect on the debt on the Note and/or Mortgage after the plaintiffs filed for protection in the bankruptcy courts; No. 4, whether singular or plural, that individual, employee, agent or entity or those individuals, employees, agents, or entities who or which are not the original owners or holders of the note and/or mortgage and have made an attempt at collecting the debt on the mortgage and/or note made the basis of this suit; No. 5, whether singular or plural, that individual, employee, agent or entity or those individuals, employees, agents, or entities who or which attempted to and/or did collect payments on the Note after the bankruptcy court entered an Order denying a lifting of the automatic stay and placing a conditional stay in effect in the plaintiffs' bankruptcy case; No.6, whether singular or plural, that individual, employee, agent or entity or those individuals, employees, agents, or entities who or which attempted to and/or did collect on any alleged debt of the plaintiffs' while a conditional stay was in effect by Order of the bankruptcy court in contravention of said Court's Order; No. 7, whether singular or plural, that entity or those entities who is or are the successor(s) in interest of the defendants named above, including the fictitious party defendants; No. 8, whether singular or plural, that entity or those entities who by contract or at common law are responsible for the injuries and damages suffered by the plaintiff on the occasion made the basis of this suit. Plaintiff avers that the identity of the fictitious party defendants herein is otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff their identity as proper party defendants is not known to Plaintiff at this time, and their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.**

**Defendants.**

## COMPLAINT

COMES NOW Plaintiff and states her Complaint against the Defendants as follows:

### PARTIES AND VENUE

1.     The plaintiff , Joy P. Kendall, is a  resident of the State of Alabama, residing at

4205 Lloyd Noland Parkway, f/k/a Richard M. Scrushy Parkway, Fairfield, Jefferson County,

Alabama, 35064.  The plaintiff is over the age of nineteen (19) years old and is competent to

bring this action.

2.     The defendant, Citimortgage, Inc. hereinafter "Citimortgage"), is a New York

corporation with its principal place of business located in O'Fallon, Missouri and was doing

business in Jefferson County, Alabama at all times material to this Complaint.   Citimortgage

held, marketed, funded, and/or serviced residential mortgage loans and/or home equity loans

and/or lines of credit throughout the United States including Jefferson County, Alabama at all

times material to this Complaint.

3.     Fictitious Defendant No. 1, whether singular or plural, that entity or those

entities who or which serviced the mortgage and/or note made the basis of this suit.

4      Fictitious, Defendant No. 2, whether singular or plural, that entity or those entities

who or which serviced the mortgage and/or note made the basis of this suit at the time the debt

on the Note and/or Mortgage was in default.

5.     Fictitious Defendant No. 3, whether singular or plural, that entity or those entities

who or which serviced the mortgage and/or note made the basis of this suit at the time a debt

collection service began attempting to and/or did collect on the debt on the Note and/or

Mortgage.

6.     Fictitious Defendant No. 4, whether singular or plural, that entity or those entities who or which are not the original owners or holders of the note and/or mortgage and have made an attempt at collecting the debt on the mortgage and/or note made the basis of this suit.

7.     Fictitious Defendant No. 5, whether singular or plural, that entity or those entities who or which attempted to and/or did collect payments n the Note after the bankruptcy court entered an Order denying a lifting of the automatic stay and placing a conditional stay in effect in the plaintiff's bankruptcy case.

8.     Fictitious Defendant No. 6, whether singular or plural, that entity or those entities who attempted to and/or did collect on any alleged debt of the plaintiffs' while a conditional stay was in effect by Order of the bankruptcy court in contravention of said Court's Order.

9.     Fictitious Defendant No. 7, whether singular or plural, that entity or those entities who is or are the successor(s) in interest of the defendants named above, including the fictitious party defendants.

10.    Fictitious Defendant No. 8, whether singular or plural, that entity or those entities who by contract or at common law are responsible for the injuries and damages suffered by the plaintiff on the occasion made the basis of this suit.

11.    Jurisdiction is proper in the Circuit Court of Jefferson County, Bessemer Division. The underlying action is based upon a contract executed in Jefferson County, the plaintiffs are citizens of Jefferson County, and all of, or substantially all of, the wrongs complained of occurred in this County. The matter in controversy, exclusive of interest and costs, exceeds the minimum jurisdictional amount required by the Circuit Court of Jefferson County, Alabama.

## FACTS

12.    On or about May 11, 1998, Plaintiff entered into a mortgage agreement

(hereinafter referred to interchangeably as either "mortgage," "note," "account," and/or "loan") with Traveler's Bank & Trust, FSB as the mortgagee. This mortgage alleges Plaintiff is indebted to Traveler's Bank & Trust, FSB for forty-seven thousand nine hundred ninety-one dollars and twenty-five cents ($47,991.25). The mortgage asserts Plaintiff's indebtedness is evidenced by a note that is alleged by Traveler's Bank & Trust, FSB to have been executed the same day as each mortgage in the amount of forty-seven thousand nine hundred ninety-one dollars and twenty-five cents ($47,991.25).

13.     Thereafter, Plaintiff began making regular payments to the mortgagee.

14.     Sometime after Plaintiff executed the aforementioned  mortgage and note with Traveler's Bank & Trust, FSB, Plaintiff was informed the mortgage and note and servicing thereof entered into with Traveler's Bank & Trust, FSB was transferred, assigned, and/or sold to Defendant Citimortgage.

15.     The mortgage and note at issue were referenced by Citimortgage as loan numbered 0005410514. Loan numbered 0005410514 is the loan at issue in the instant action.

16.     Sometime after Defendant Citimortgage purchased, was assigned, was transferred, held and/or began servicing the aforementioned mortgages and notes of Plaintiff, Plaintiff experienced financial difficulty and sought protection from the bankruptcy courts through the filing of a voluntary Chapter 13 petition in the Northern District of Alabama on January, 31, 2003.

17.     The voluntary Chapter 13 petition filed by Plaintiff, which listed Citimortgage as a creditor of Plaintiff, was confirmed by the bankruptcy court on May 15, 2003.

18.     After the plan of Plaintiff was confirmed by the bankruptcy court, Defendant

Citimortgage made an additional claim in bankruptcy court for July and August, 2004 mortgage payments by Plaintiff on loan numbered 0005410514 and requested the Bankruptcy Court to lift the automatic stay put in place by operation of 11 U.S.C. 362(a) when Plaintiff's voluntary bankruptcy petition was fled.

19.     On September 26, 2004, the Bankruptcy Court entered an Order allowing Defendant to claim the additional amount as part of the Plaintiff's bankruptcy plan but denied lifting the automatic stay in place under 11 U.S.C. 362(a) unless Plaintiff again fell behind in her mortgage payments and did not cure any such default within twenty (20) days after Defendant Citimortgage sent her and her attorney a proper Notice of Default.

20.     From September, 2004 to the present date, Plaintiff has timely made each month's payment on the mortgage and note designated loan number 0005410514 by Defendant Citimortgage.

21.     Further, there has been no twenty (20) day period after a proper written notice of a default by Defendant Citimortgage or any other entity which serviced and/or held the mortgage and note numbered 0005410514 which was not cured within said twenty (20) day time period by Plaintiff.  Plaintiff has made timely payments on loan numbered 0005410514 from September, 2004 to this date.

22.     Although Plaintiff has not been in default or has not failed to cure any default alleged by Defendant Citimortgage within the prescribed twenty (20) day time period after proper notice by Defendant Citimortgage, Defendant Citimortgage has consistently sent Plaintiff collection letters claiming Plaintiff's loan numbered 0005410514 is in default.

23.     Plaintiff has contacted Defendant numerous times in an attempt to explain to

Defendant she is not in default on her mortgage, yet Defendant has consistently utterly refused to assist Plaintiff in rectifying this situation.

24.     Instead, Defendant has only offered to "help" Plaintiff by attempting to force her, with the threat of imminent foreclosure if she fails to do so, into some type of "loan modification program" that would require Plaintiff to pay amounts to Defendant she does not owe while constantly rebuffing her attempts to correct what amount is actually owed to Defendant.

25.     Plaintiff has timely made all payments due on the mortgage and note numbered 0005410514 by Defendant Citimortgage since September, 2004, yet Plaintiff has been subjected to continual harassment by Defendant Citimortgage alleging that Plaintiff's loan is in default.

26.     Plaintiff has written to Defendant Citimortgage in an attempt to ascertain the reasons why Defendant Citimortgage was improperly accounting for her mortgage payments Plaintiff sent via certified mail a Qualified Written Request (hereinafter referred to as "QWR") letter to Citimortgage requesting various information, including, but not limited to, breakdowns of any amounts claimed in arrears or delinquent, an explanation of all the added fees charged to their account, and an explanation of why Defendant Citimortgage claimed her account was in arrears.

27.     Said QWR letter was sent to Defendant via certified mail on or about August 8, 2008, and was received by Defendant Citimortgage on August 21, 2008 as evidence by the certified mail return receipt signed on August 21, 2008 by a Kent Burgess.

28.     Defendant Citimortgage has failed to properly and adequately respond to Plaintiff's QWRs in accordance with the Real Estate Settlement and Procedures Act 12 U.S.C. 2601, et seq (hereinafter referred to as "RESPA").

29. The QWRs sent to Defendant Citimortgage requested various information, including, but not limited to, breakdowns of any amounts claimed in arrears or delinquent, an explanation of all the added fees charged to their account, and an explanation of why Defendant Citimortgage her account was in arrears.

30. Defendant Citimortgage failed and refused to appropriately respond to said QWRs by merely providing an indecipherable set of documents that may or may not be a loan payment history.

31. Further, there was no escrow analysis included in the documents and there was no document providing an explanation of the various codes, letters, and numbers in the indecipherable set of documents sent by Defendant, which is in and of itself a violation of RESPA.

32. Defendant Citimortgage has also failed and refused to correct its erroneous reporting of Plaintiff's loan to the credit reporting agencies; instead, Defendant Citimortgage continued, and continues to this date, to harass Plaintiff claiming Plaintiff was and is in default on loan numbered 0005410514.

33. To date, Defendant Citimortgage has failed and refused to provide Plaintiffs with a proper and complete payment history for loan numbered 0005410514, breakdowns of any amounts claimed in arrears or delinquent, an explanation of all the added fees charged to their account, and an explanation of why Defendant Citimortgage claimed their account was in arrears.

## *COUNT I*

### *BREACH OF CONTRACT*

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as if set forth herein in their entirety.

35.    Defendant's, Citimortgage and/or the fictitiously named Defendants, actions in negligently, wantonly, willfully, and/or maliciously accounting for and misapplying payments made by Plaintiff to her mortgage and note secured by real property located at 4205 Lloyd Noland Parkway, f/k/a Richard M. Scrushy Parkway, Fairfield, Jefferson County, Alabama, 35064, numbered 0005410514 by Defendant Citimortgage, are contrary to the Mortgage and/or Note agreements between Plaintiff and Defendants and constitute a breach thereof.

36.    As a proximate cause of said breach of contract Plaintiff has suffered and continues to suffer damages, including the following:

1.    Plaintiff was caused to lose the benefits due her on the loan, including payments on the loan, interest on the loan, principal due on the loan, and/or escrow accounts related to the loan being inaccurately and/or wrongly accounted for;

2.    Plaintiff was caused to lose the benefits due her due to the loan being reported to the credit reporting agencies inaccurately;

3.    Plaintiff's credit was and is damaged;

4.    Plaintiff suffered contempt, ridicule and/or financial injury;

5.    Plaintiff has been wrongfully put under the threat of losing her primary and only residence;

6.    Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Citimortgage and/or the fictitiously named Defendants, jointly and severally, in an amount of compensatory and punitive

damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding.  Further, Plaintiffs pray for equitable, injunctive, and/or other appropriate relief.

## COUNT II

### NEGLIGENCE, WANTONNESS, WILLFULLNESS AND/OR MALICE

37.     All paragraphs of this Complaint are expressly adopted and incorporated herein as if set forth herein in their entirety.

38.     At all times material to this Complaint, Defendant Citimortgage and/or the fictitious Defendants were engaged in the activities described in the factual allegations of this complaint throughout the United States, including the State of Alabama.  Said defendants, during said period of time and for valuable consideration, engaged in said activities.

39.     Defendant Citimortgage and/or the fictitious Defendants were negligent, wanton, willful, and/or malicious in their servicing and/or accounting of Plaintiff's loan secured by real property located at 4205 Lloyd Noland Parkway, f/k/a Richard M. Scrushy Parkway, Fairfield, Jefferson County, Alabama, 35064, numbered 0005410514 by Defendant Citimortgage, which caused Plaintiff to suffer damages to her credit, reputation, standing in the community, and financial condition.

40.     The aforesaid wrongful conduct of all Defendants and/or the fictitious Defendants, combined and concurred, and as a proximate consequence thereof, Plaintiff was injured and damaged, including as follows:

> 1.     Plaintiff has suffered great mental anguish under threat of her primary and only residence being wrongfully foreclosed upon;

2.    Plaintiff was caused to lose the benefits due her due to the loan being reported to the credit reporting agencies inaccurately;

3.    Plaintiff has been unable to secure financing for the loan with a new lender;

4.    Plaintiff's credit was and is damaged;

5.    Plaintiff suffered contempt, ridicule and/or financial injury;

6.    Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types;

7.    Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Citimortgage and/or the fictitiously named Defendants, jointly and severally, in an amount of compensatory and punitive damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding.  Further, Plaintiffs pray for equitable, injunctive, and/or other appropriate relief.

### COUNT III

### FRAUD

41.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if set forth herein in their entirety.

42.    All Defendants, including the fictitiously named Defendants, have wrongfully and knowingly represented to Plaintiffs that the loan secured by real property located at 4205 Lloyd Noland Parkway, f/k/a Richard M. Scrushy Parkway, Fairfield, Jefferson County, Alabama,

35064, numbered 0005410514 by Defendant Citimortgage, was in default and have made numerous attempts to collect on alleged amounts that Plaintiff has paid and/or did not and/or does not owe under said loan. These Defendants have continued to inaccurately report the status of said loan to the credit reporting agencies. In addition, these Defendants have charged fees to Plaintiff or have caused Plaintiff to incur fees that Plaintiff does not properly owe, including attorney fees and costs. Moreover, these Defendants have continued collection efforts on this loan, both through correspondence and by wrongfully threatening to initiate foreclosure proceedings against said real property of Plaintiff although Plaintiff's loan was and is current.

43.     Plaintiff reasonably and justifiably relied upon these misrepresentations to her detriment by 1) paying amounts for the mortgage payments plus other amounts for erroneous items and/or improper fees; 2) paying amounts Plaintiff did not and does not properly owe Defendants; 3) attempting to contact and provide Defendants with evidence of their mortgage payments; and 4) by seeking counsel for assistance in obtaining relief from Defendants threatening to wrongfully foreclose upon the aforementioned real property which is Plaintiffs' home.

44.     As a result of the fraudulent, intentional, reckless, and/or mistaken misrepresentations and deceit of material facts to Plaintiff by all Defendants, including the fictitious party Defendants, Plaintiff was damaged and injured, including the following:

> 1.     Plaintiff has suffered great mental anguish under threat of her primary and only residence being wrongfully foreclosed upon;
>
> 2.     Plaintiff was caused to lose the benefits due her due to the loan being reported to the credit reporting agencies inaccurately;
>
> 3.     Plaintiff has been unable to secure financing for the loan with a new

lender;

4.     Plaintiff's credit was and is damaged;

5.     Plaintiff suffered contempt, ridicule and/or financial injury;

6.     Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types;

7.     Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Citimortgage and/or the fictitiously named Defendants, jointly and severally, in an amount of compensatory and punitive damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding.  Further, Plaintiffs pray for equitable, injunctive, and/or other appropriate relief.

## COUNT IV

### VIOLATIONS OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT

45.     All paragraphs of this Complaint are expressly adopted and incorporated herein as if set forth herein in their entirety.

46.     Defendant Citimortgage violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601 et. seq.

47.     Plaintiff sent qualified written requests in accordance with 12 U.S.C. §2605(e)(1)(B) to Defendant Citimortgage on or about August 8, 2008.

48.     Defendant Citimortgage failed and refused to properly respond to Plaintiff's QWRs and make corrections as required by 12 U.S.C. §2605(e)(2) and 24 C.F.R. §3500.21(e)(3).

49.     Defendant Citimortgage merely sent Plaintiff an indecipherable set of documents without any explanation or clarification of the documents or why Defendant Citimortgage believes the account is correct as determined by it in contravention of 12 U.S.C. §2605(e)(2)(B).

50.     Defendant Citimortgage failed to protect Plaintiff's credit rating during the 60-day period that began on its receipt of Plaintiff's QWRs in contravention of 12 U.S.C. §2605(e)(3).

51.     Defendant Citimortgage  failed to make appropriate corrections to Plaintiff's account once it was notified in writing through the QWRs that Plaintiffs account has not been properly credited for the payments made by her and has been improperly charged fees by Defendant in contravention of 12 U.S.C. §2605(e)(2)(A).

52.     Defendant Citimortgage refused to cease collection efforts and demands by letter and telephone collection harassment after receiving qualified written request letters from or on behalf of Plaintiffs, in violation of 12 U.S.C. §2605(e)(2).

53.     Defendant Citimortgage failed to conduct an appropriate investigation after receiving qualified written request letters from or on behalf of Plaintiffs, in violation of 12 U.S.C. §2605(e)(2).

54.     As a proximate cause of said violations by Defendant Citimortgage Plaintiff has suffered, and continues to suffer damages, including the following:

> 1.     Plaintiff has suffered great mental anguish under threat of her primary and only residence being wrongfully foreclosed upon;
>
> 2.     Plaintiff was caused to lose the benefits due her due to the loan being reported to the credit reporting agencies inaccurately;

3.      Plaintiff has been unable to secure financing for the loan with a new
        lender;

4.      Plaintiff's credit was and is damaged;

5.      Plaintiff suffered contempt, ridicule and/or financial injury;

6.      Plaintiff has suffered a loss of credit, insurance, and/or other business
        dealings of varying types;

7.      Plaintiff suffered actual damages for worry, shame, humiliation, loss of
        sleep, anxiety, nervousness, physical sickness, physical and mental
        suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Citimortgage and/or the
fictitiously named Defendants, jointly and severally, in an amount of compensatory and punitive
damages to be determined by a jury in excess of the jurisdictional minimum of this Court,
together with interest from the date of injury, and the costs of this proceeding.  Further, Plaintiffs
pray for equitable, injunctive, and/or other appropriate relief.

### COUNT V

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

55.      All paragraphs of this Complaint are expressly adopted and incorporated herein as
if set forth herein in their entirety.

56.      Defendants Citimortgage and/or the fictitiously named Defendants is/are a
company(ies) engaged in the business of collecting consumer debt and regularly collects
consumer debts.  Accordingly, Defendant Citimortgage and/or the fictitiously named Defendants
is/are  a "debt collector" as defined in the Fair Debt Collection Practices Act, 15 U.S.C.
§1692a(6).

57.     Defendant Citimortgage and/or the fictitiously named Defendants has engaged in acts and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") in collection activity with respect to the Plaintiff's alleged debt on loan numbered 0005410514 by Defendant Citimortgage.

58.     Defendant Citimortgage and/or the fictitiously named Defendants violated 15 U.S.C §1692e(11) by failing to disclose clearly in all communications made to collect a debt or to obtain information about a consumer, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

59.     Defendant Citimortgage and/or the fictitiously named Defendants violated §1692c(a)(1) by contacting the Plaintiffs at a time or place Defendants knew or should have known was inconvenient to the Plaintiffs.

60.     Defendant Citimortgage and/or the fictitiously named Defendants violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiffs.

61.     Defendant Citimortgage and/or the fictitiously named Defendants also violated §1692e(3), (4), and (5) by making false and misleading representations to the Plaintiff. At the time Defendants made these representations to the Plaintiff, the Defendants knew, or should have known, that said representations were false. Said representations made by Defendants were made recklessly, willfully, and/or intentionally.

62.     Defendant Citimortgage and/or the fictitiously named Defendants violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

63.     As a proximate cause of said violations Plaintiffs have suffered, and continue to suffer damages, including the following:

1.  Plaintiff has suffered great mental anguish under threat of her primary and only residence being wrongfully foreclosed upon;

2.  Plaintiff was caused to lose the benefits due her due to the loan being reported to the credit reporting agencies inaccurately;

3.  Plaintiff has been unable to secure financing for the loan with a new lender;

4.  Plaintiff's credit was and is damaged;

5.  Plaintiff suffered contempt, ridicule and/or financial injury;

6.  Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types;

7.  Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiffs demand judgment against Defendant Citimortgage and/or the fictitiously named Defendants, jointly and severally, in an amount of compensatory and statutory damages for the damages Plaintiff has sustained by reason of Defendants violations of the FDCPA, in an amount to be determined by a jury, together with their reasonable attorney fees, interest from the date of injury, and the costs of this proceeding.  Further, Plaintiff prays for equitable, injunctive, and/or other appropriate relief.

*COUNT VI*

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

64.     All paragraphs of this Complaint are expressly adopted and incorporated herein as if set forth herein in their entirety.

65.     Defendant Citimortgage and/or the fictitiously named Defendants violated the Fair Credit Reporting Act ("FCRA")(15 USC § 1681 et seq.).

66.     Plaintiff is a "consumer" within the meaning of the FCRA [15 U.S.C. § 1681a(c)].

67.     Defendant Citimortgage and/or the fictitiously named Defendants is/are a "furnisher of information" within the meaning of the FCRA [15 U.S.C. § 1681s-2 et seq.].

68.     The entities Experian, Trans Union, and Equifax, are "consumer reporting agenc(ies)" within the meaning of the FCRA [15 U.S.C. § 1681a(f)].

69.     After being informed that the plaintiffs disputed the accuracy of the information Defendants were providing the consumer reporting agencies, Defendants negligently, recklessly, willfully, and/or maliciously failed to conduct a proper investigation of the plaintiff's dispute pertaining to the loan numbered 0005410514 with the three national consumer reporting agencies, as required by 15 U.S.C. § 1681s-2(b)(A).

70.     Defendant Citimortgage and/or the fictitiously named Defendants negligently, recklessly, willfully, and/or maliciously failed to review all relevant information purportedly provided by such credit reporting agencies to these Defendants in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

71.     Defendant Citimortgage and/or the fictitiously named Defendants negligently, recklessly, willfully, and/or maliciously failed to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the loan numbered 0005410514, as

required by 15 U.S.C. § 1681s-2(b)(C).

72.    Plaintiff has a private right of action to assert claims against Defendant

Citimortgage and/or the fictitiously named Defendants arising under 15 U.S.C. § 1681s-2(b) for

the negligent, reckless, willful, and/or malicious failure and refusal to conduct a proper

investigation or for the negligent, reckless, willful, and/or malicious investigation performed by

these Defendants.

73.    As a proximate cause of said violations Plaintiff has suffered, and continues to

suffer damages, including the following:

1.    Plaintiff has suffered great mental anguish under threat of her primary
       and only residence being wrongfully foreclosed upon;

2.    Plaintiff was caused to lose the benefits due her due to the loan being
       reported to the credit reporting agencies inaccurately;

3.    Plaintiff has been unable to secure financing for the loan with a new
       lender;

4.    Plaintiff's credit was and is damaged;

5.    Plaintiff suffered contempt, ridicule and/or financial injury;

6.    Plaintiff has suffered a loss of credit, insurance, and/or other business
       dealings of varying types;

7.    Plaintiff suffered actual damages for worry, shame, humiliation, loss of
       sleep, anxiety, nervousness, physical sickness, physical and mental
       suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Citimortgage and/or the

fictitiously named Defendants, jointly and severally, for compensatory, punitive, and statutory

damages, together with their reasonable attorney fees, which Plaintiffs may recover therefore

pursuant to 15 U.S.C. § 1681o, by reason of Defendants violations of the FCRA, in an amount to

be determined by a jury, together with interest from the date of injury, and the costs of this

proceeding.  Further, Plaintiffs pray for equitable, injunctive, and/or other appropriate relief.

***COUNT VII***

***DEFAMATION***

74.     All paragraphs of this Complaint are expressly adopted and incorporated herein as

if set forth herein in their entirety.

75.     All Defendants, including the fictitious party Defendants, published, or at its

direction had published, false information about Plaintiff by reporting inaccurate information to

one or more of the credit reporting agencies with regard to Plaintiff's loan numbered

0005410514 by Defendant Citimortgage.

76.     Each time the credit reports of Plaintiff was accessed, a new publication occurred,

which was the result intended by these Defendants.

77.     Plaintiff alleges that the publications and defamations were done maliciously,

without privilege, and with a willful intent to injure Plaintiff.

78.     The aforesaid wrongful conduct of all Defendants, including the fictitious party

Defendants, combined and concurred, and as a proximate consequence thereof, Plaintiff was

injured and damaged, including as follows:

1.     Plaintiff has suffered great mental anguish under threat of her primary
and only residence being wrongfully foreclosed upon;

2.     Plaintiff was caused to lose the benefits due her due to the loan being
reported to the credit reporting agencies inaccurately;

3.  Plaintiff has been unable to secure financing for the loan with a new
    lender;

4.  Plaintiff's credit was and is damaged;

5.  Plaintiff suffered contempt, ridicule and/or financial injury;

6.  Plaintiff has suffered a loss of credit, insurance, and/or other business
    dealings of varying types;

7.  Plaintiff suffered actual damages for worry, shame, humiliation, loss of
    sleep, anxiety, nervousness, physical sickness, physical and mental
    suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Citimortgage and/or the

fictitiously named Defendants, jointly and severally, in an amount of compensatory and punitive

damages to be determined by a jury in excess of the jurisdictional minimum of this Court,

together with interest from the date of injury, and the costs of this proceeding.  Further, Plaintiffs

pray for equitable, injunctive, and/or other appropriate relief.

### COUNT VIII

### *FRAUDULENT "JUNK" FEES*

79.    All paragraphs of this Complaint are expressly adopted and incorporated herein as

if set forth herein in their entirety.

80.    Defendant Citimortgage and/or the fictitiously named Defendants has/have

wrongfully and knowingly charged fees to Plaintiff with regard to Plaintiff's loan secured by real

property located at 4205 Lloyd Noland Parkway, f/k/a Richard M. Scrushy Parkway, Fairfield,

Jefferson County, Alabama, 35064, numbered 0005410514 by Defendant Citimortgage.

81.    Defendant Citimortgage and/or the fictitiously named Defendants, while

improperly holding Plaintiffs' loan in default, has/have charged fees to Plaintiff's account without any properly justifiable basis for such fees. Said fraudulent and junk fees include, but are not limited to, property inspection fees, "miscellaneous delinquency fees," and legal fees and costs which were unnecessary when charged and in the amounts charged to Plaintiff's account.

82. Defendant Citimortgage, while improperly holding Plaintiffs' loan in default, has charged fees to Plaintiffs' account without any properly justifiable basis for such fees. Said fraudulent and junk fees include, but are not limited to, property inspection fees, "Broker Price Opinion Fees," and legal fees and costs which were unnecessary when charged and in the amounts charged to Plaintiffs' account.

83. Plaintiff reasonably and justifiably relied upon these misrepresentations to her detriment by making payments to these Defendants which include payments for the fraudulent junk fees charged by these Defendants.

84. As a result of the fraudulent, intentional, reckless, and/or mistaken misrepresentations and deceit of material facts to Plaintiffs by Defendant Citimortgage and/or the fictitiously named Defendants, Plaintiff was damaged and injured, including the following:

      1. Plaintiff has suffered great mental anguish under threat of her primary and only residence being wrongfully foreclosed upon;

      2. Plaintiff was caused to lose the benefits due her due to the loan being reported to the credit reporting agencies inaccurately;

      3. Plaintiff has been unable to secure financing for the loan with a new lender;

      4. Plaintiff's credit was and is damaged;

      5. Plaintiff suffered contempt, ridicule and/or financial injury;

      6.      Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types;

      7.      Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Citimortgage and/or the fictitiously named Defendants, jointly and severally, in an amount of compensatory and punitive damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding. Further, Plaintiffs pray for equitable, injunctive, and/or other appropriate relief.

### COUNT IX

### *NEGLIGENCE IN HIRING, SUPERVISING, AND/OR TRAINING*

85.     All paragraphs of this Complaint are expressly adopted and incorporated herein as if set forth herein in their entirety.

86.     All Defendants, including the fictitious party Defendants, were negligent or wanton in the hiring, training, and/or supervision of their employees and/or agents.

87.     The employees and/or agents of all Defendants, including the fictitious party Defendants, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency were incompetent to perform his/her duties and all Defendants did know, or should have known, of such incompetence.

88.     The negligent or wanton conduct of those employees and/or agents of all Defendants, including the fictitious party Defendants, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency

lead to the Plaintiffs' loan numbered 0005410514 by Defendant Citimortgage to be shown as in default when, in fact, it was not and, lead to threats of a wrongful foreclosure and sale of Plaintiffs' home.

89.     The aforesaid wrongful conduct of all Defendants, including the fictitious party Defendants, combined and concurred, and as a proximate consequence thereof, Plaintiff was injured and damaged, including as follows:

1.     Plaintiff has suffered great mental anguish under threat of her primary and only residence being wrongfully foreclosed upon;

2.     Plaintiff was caused to lose the benefits due her due to the loan being reported to the credit reporting agencies inaccurately;

3.     Plaintiff has been unable to secure financing for the loan with a new lender;

4.     Plaintiff's credit was and is damaged;

5.     Plaintiff suffered contempt, ridicule and/or financial injury;

6.     Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types;

7.     Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Citimortgage and/or the fictitiously named Defendants, jointly and severally, in an amount of compensatory and punitive damages to be determined by a jury in excess of the jurisdictional minimum of this Court,

together with interest from the date of injury, and the costs of this proceeding.  Further, Plaintiffs pray for equitable, injunctive, and/or other appropriate relief.

### COUNT X

### UNJUST ENRICHMENT

90.     All paragraphs of this Complaint are expressly adopted and incorporated herein as if set forth herein in their entirety.

91.     The actions of Defendant Citimortgage and/or the fictitious party defendants in applying charges to the mortgage account of Plaintiff which were either illegal, wrong in character, wrong in amount, unauthorized, or otherwise improper resulted in these Defendants being unjustly enriched.

92.     As a result of Defendant Citimortgage's and/or the fictitious party defendants' unjust enrichment, Plaintiff has been injured and damaged in that the plaintiff has been forced to pay charges that were illegal, wrong in character, wrong in amount, unauthorized, or otherwise improper under threat of foreclosure by the defendants.

93.     The aforesaid wrongful conduct of Defendant Citimortgage and/or the fictitious party defendants, combined and concurred, and as a proximate consequence thereof, Plaintiff was injured and damaged, including as follows:

1.     Plaintiff has suffered great mental anguish under threat of her primary and only residence being wrongfully foreclosed upon;

2.     Plaintiff was caused to lose the benefits due her due to the loan being reported to the credit reporting agencies inaccurately;

3.     Plaintiff has been unable to secure financing for the loan with a new lender;

4.      Plaintiff's credit was and is damaged;

5.      Plaintiff suffered contempt, ridicule and/or financial injury;

6.      Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types;

7.      Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Citimortgage and/or the fictitiously named Defendants, jointly and severally, in an amount of compensatory and punitive damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding.  Further, Plaintiffs pray for equitable, injunctive, and/or other appropriate relief.

_s/Wesley L. Phillips_____
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP
Post Office Box 130488
Birmingham, Alabama 35213
Telephone: 205.383.3585
Facsimile: 800.536.0385

## JURY DEMAND

**Plaintiff demands a trial by jury.**

_s/Wesley L. Phillips_____

Of Counsel

**PLAINTIFF'S ADDRESS:**

4205 Lloyd Noland Parkway

Fairfield, Alabama 35064

## PLEASE SERVE THE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:

Citimortgage, Inc.

c/o The Corporation Company

2000 Interstate Park Drive, Suite 204

Montgomery, Alabama 36109

ELECTRONICALLY FILED
10/7/2009 3:24 PM
CV-2009-900089.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
EARL CARTER, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BESSEMER DIVISION**

| | | |
|---|---|---|
| **JOY P. KENDALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No._____** |
| | ) | |
| **CITIMORTGAGE, INC., et al;** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES,**
**REQUEST FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR**
**ADMISSIONS TO DEFENDANT CITIMORTGAGE, INC.**

COMES NOW Plaintiff in the above styled cause and requests that Defendant Citimortgage, Inc.

(hereinafter "this Defendant", "you," and/or "your company") answer the following interrogatories,

request for production of documents, and request for admissions within the time required by the

Alabama Rules of Civil Procedure. In addition, Plaintiff requests this Defendant to attach a copy

of each and every document referred to in any of the interrogatories or in this Defendant's response

thereto or that Defendant state the date and time the said documents will be produced for inspection

and copying at the offices of Plaintiff's attorney.

**NOTE:** These interrogatories and production requests shall be deemed continuing so as to

require supplemental answers upon receipt of additional information subsequent to its original

response.

I. INTERROGATORIES

1.    State whether this Defendant's name correctly is stated in the complaint filed in this

case. If not, state the correct way this defendant should be designated as a party defendant in the

named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

RESPONSE:


2.      State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

      a.      State the address of all business locations of this Defendant;

      b.      Describe the nature of this Defendant's business.

RESPONSE:


3.      State the name, address and phone number of all persons having knowledge of facts relevant to the occurrence made the basis of this suit, and with respect to each such person identified, describe the facts you believe are known by that person and any potential liability or claims against those who are potential parties. (A person has relevant facts when he or she has or may have knowledge of any discoverable matter; personal knowledge is not required.)

RESPONSE:


4.      State the name and address of each and every witness expected to be called at the trial of this action.

RESPONSE:

5.     State the name and address of each and every expert witness expected to be called at the trial of this action. Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

RESPONSE:


6.     State the name, address, phone number, and employer of each and every person known by this Defendant to have any knowledge whatsoever of matters related, referencing, or pertaining to the events made the basis of this lawsuit.

RESPONSE:


7.     State whether, in the past ten years, this Defendant has been named a party defendant in any other lawsuit  involving claims or allegations this Defendant failed to properly account for mortgage payments on a Note on which it is/was the holder and/or servicer.  If so, state the name of the lawsuit, the civil action number and the court where the action was filed.

RESPONSE:


8.     State whether, in the past ten (10) years, this Defendant has been involved in any other legal action, either as a party defendant or otherwise, where allegations were raised concerning the force placing of insurance on a mortgagor's property for a loan which was held, serviced, assigned to, and/or maintained by this Defendant.  If so, please state:

a) The date and place each such action was filed identifying the other party or parties involved, the docket number of such actions, and the names of the attorneys representing each party;

b) A description of the nature of each such action; and

c) The result of each such action whether there was an appeal, and the result of the appeal, and whether such case was reported and the name, volume number, and page citation of the report.

RESPONSE:

9.     State whether, in the past ten years, this Defendant has been named a party defendant in any other lawsuit  involving claims or allegations this Defendant violated the Real Estate Settlement Procedures Act (12 U.S.C. §2601, et. seq.) with regard to servicing mortgage accounts.  If so, state the name of the lawsuit, the civil action number and the court where the action was filed.

RESPONSE:

10.     State and fully describe all procedures, methods, and processes utilized by this Defendant to avoid violation of the Real Estate Settlement Procedures Act.  In addition, state in detail the procedures, methods, and processes this Defendant utilized with regard to Plaintiffs' requests under RESPA.

RESPONSE:

11.     State whether, in the past ten years, this Defendant has been named a party defendant in any other lawsuit  involving claims or allegations this Defendant violated the Fair Credit Reporting Act (15 U.S.C. §1681, et. seq.) with regard to properly conducting an investigation of a disputed account and/or improperly reporting accounts to the credit reporting agencies .  If so,

state the name of the lawsuit, the civil action number and the court where the action was filed.

RESPONSE:


12.     State and fully describe the maintenance of all procedures utilized by this

Defendant to avoid violation of the Fair Credit Reporting Act, including, but not limited to, all

documents regarding this Defendant's compliance or noncompliance with the FCRA.

RESPONSE:


13.     Identify all documents in your possession that you claim are privileged,

identifying the types of documents, dates of documents, subject matter of the documents, authors and

recipients of the documents, and the applicable privilege.

RESPONSE:


14.     State the entity from which this Defendant obtained the mortgage loan of Plaintiff

at issue in this matter, whether by purchase, assignment, or otherwise and state the amount of

remuneration paid by this defendant for any and all rights it purchased with regard to the loan the

subject of this lawsuit.

RESPONSE:


15.     State the method(s) used by this Defendant to determine the fees it charged to the

mortgage loan, loan numbered 0005410514, made the subject of this lawsuit, including, but not

limited to, late payment charges, property inspection fees, ACH debit fees, statement expedition fees,

recording fees, speed draft fees.  In addition, state by what authority this Defendant charged Plaintiffs

each of these fees.

RESPONSE:

16.     State this Defendant's method of applying amounts received from a consumer on a mortgage loan to the various items on the mortgage statement, including, but not limited to, principal, interest, past due amounts, escrow payments, property taxes, insurances, and/or amounts that are placed in suspense accounts.

RESPONSE:

17.     State this Defendant's reasons for, authority for, and uses of a suspense account in conjunction with loan numbered 0005410514 by this Defendant at issue in this matter, including this Defendant's method of ascertaining any amounts to be placed in a suspense account and the policies and procedures of this Defendant with regard to suspense accounts.

RESPONSE:

18.     State whether this Defendant or anyone to this Defendant's knowledge has secured, obtained, or has knowledge of any statement or account made by any person including parties, whether written, recorded, or oral, which pertain in any way to the events made the basis of this lawsuit.  If so, state separately and severally the name and address of each person from whom a statement was obtained, the date the statement was obtained, and the person or entity who has custody of said statement.  Produce copies of any and all recordings, transcripts or statements which pertain in any way to the events made the basis of this lawsuit, including any recordings, statements or transcripts of any statements by Plaintiff Joy P. Kendall.

RESPONSE:

19.     State clearly and conspicuously the exact nature of the alleged default and the amount of the alleged default that relates to payments that were not actually made by the borrower and received by you, whether or not such payments have been applied to principal and interest.
RESPONSE:

.

20.     State and fully describe any and all training provided to those persons involved in the accounting of consumer loans following a consumer entering into a mortgage Loan Modification Agreement like of similar to the one entered into between this Defendant and Plaintiffs in this matter on or about August 28, 2007, including, but not limited to, content, timing, duration, materials used in any training, and persons involved in providing such training.
RESPONSE:

21.     State the name, position of employment, address and telephone number all persons who have had any responsibility for or who have taken any action with regard to servicing the mortgage which is the subject matter of this cause.
RESPONSE:

22.     State the name, position of employment, address and telephone number of all persons who were involved in any capacity with the Loan Modification agreement entered into

between this Defendant and Plaintiffs in this matter on or about August 28, 2007, including, but not

limited to, all persons involved in negotiating the agreement with Plaintiffs, all persons involved in

preparing the agreement, all persons involved in processing the agreement after Plaintiffs executed

the agreement, and all persons who were responsible for overseeing the changes to be made in this

Defendant's internal accounting operations after this Defendant received the executed agreement

from Plaintiffs.

RESPONSE:



23.     State whether or not you are holding any funds in any suspense account related to

this loan.  If so, then state the amount currently held in suspense, identify the source of all payments

in the suspense account, the date each such payment was received, the date the payment was

transferred to the suspense, and the reason for each and every such transfer.

RESPONSE:



24.     State the following with regard to the history of mortgage loan numbered

0005410514 by this Defendant:

> (a)     the persons or entity who at any time collected mortgage payments
> specifying the applicable dates each such person or entity did so
> collect and specifying the full legal name, address, and phone number
> of each such party;
> (b)      on whose behalf mortgage payments were collected specifying the
> applicable dates collection was made for each such person or entity
> and specifying the full legal name, address, and phone number of
> each such party; and

       (c)     a full description of the disposition of collected mortgage payments specifying any person or entity to which mortgage payments were delivered transferred, or paid, the applicable dates each such person or entity received the payments and further specify the full legal name, address, and phone number of each such party.

RESPONSE:

25.     Identify the custodian of the records, including name, address and phone number that would show all entries regarding the flow of funds regarding the subject loan transaction prior to or after closing of the subject loan transaction. If this person does not have personal knowledge of the transaction, then please identify in like fashion the person who worked for your company and had custody of the accounting or bookkeeping registers or records identifying said flow of funds after or before the closing of the subject loan transaction. Flow of funds, means (a) any record of money received, (b) any record of money paid out and (c) any bookkeeping or accounting entry, general ledger and accounting treatment of the subject loan transaction at your company including but not limited to whether the subject loan transaction was ever entered into any category on the balance sheet at any time or times, whether any reserve for default was ever entered on the balance sheet, and whether any entry, report or calculation was made regarding the effect of this loan transaction on the capital reserve requirements of your company.

RESPONSE:

II. REQUEST FOR PRODUCTION

26.     Produce copies of all insurance agreements, including the declarations page,

through which this Defendant is insured, including excess or umbrella insurers, which insures/insured this Defendant against risks or losses during the time of the occurrences made the basis of this lawsuit and at the time this complaint was served.

27.     Produce all documents that record, reflect, or evidence oral or written communications between you and Plaintiff relating to loan numbered 0005410514 at issue in this matter.

28.     Produce all documents which you received from or provided to any federal government official or agency relating to your compliance or alleged or possible noncompliance with the Real Estate Settlement Procedures Act at any time within the past ten (10) years.

29.     Produce all documents evidencing or relating to this Defendant's compliance or noncompliance with the Real Estate Settlement Procedures Act.

30.     Produce all documents which record, evidence, or reflect any investigation conducted by any federal government official or agency to determine whether you had complied or were complying with the Fair Credit Reporting Act at any time within the past ten (10) years.

31.     Produce all documents evidencing or relating to this Defendant's compliance or noncompliance with the Fair Credit Reporting Act.

32.     Produce any and all agreements, contracts, documents, exhibits, recordings, transcriptions, statements, notes, memoranda, payment logs, and/or internal correspondence of this Defendant or between this Defendant and any of its subsidiaries, sister companies, and/or parent corporations which relate, reference and/or pertain in any way to the matter made the basis of this suit.

33.     Produce all documents evidencing or relating to any accounts of Plaintiff with this Defendant.

34.     Produce a complete payment history of Plaintiff's loan numbered 0005410514, including, but not limited to, the dates and amounts of all the payments made on the loan from the date it was executed until this Defendant sold, transferred, and/or otherwise assigned its rights to Plaintiff's loan.

35.     Produce a complete history of any escrow account used for Plaintiff's loan numbered 0005410514, including, but not limited to, the dates and amounts of all the payments placed in escrow, from the date any escrow account was established until this Defendant sold, transferred, and/or otherwise assigned its rights to Plaintiff's loan

36.     Produce all documents evidencing or relating to internal documents, notes, memoranda, statements of this Defendant regarding the use of its collection notices and collection efforts with regard to Plaintiff's loan numbered 0005410514 with this Defendant.

37.     Produce all documents evidencing or relating to any operations manuals, procedures manuals, and/or similar documents utilized by this Defendant which contain provisions concerning when an account is placed in collections status.

38.     Produce all documents evidencing or relating to any disclosure statements or other notices given Plaintiff by this Defendant.

39.     Produce all documents evidencing or relating to visits which this Defendant or its agents made to Plaintiff's home in connection with Plaintiff's loan numbered 0005410514.

40.     Produce all telephone log sheets, internal memoranda, notes, or other documents prepared or reflecting activity on Plaintiffs' accounts or concerning Plaintiffs' loans.

41.     Produce copies of both sides of each and every check issued or received in connection with Plaintiffs' loans.

42.     Produce a complete and itemized statement of the escrow account of the loan, if

any, from the date of the loan to the date of these requests, including, but not limited to, any receipts

or disbursements with respect to real estate property taxes, fire or hazard insurance, forced placed

insurance, single vendor protection insurance, flood insurance, mortgage insurance, credit insurance,

or any other insurance products, along with copies of the front and back of all checks issued in

payment of such escrow obligations.   Also, please produce a Rule 7007.1 statement of the

relationship of any insurance provider to the servicer or any entity related to the servicer.

43.     Produce all documents contained in Plaintiffs' loan file.

44.     Produce a complete copy of the Master/Mortgage Pooling and Servicing

Agreement {"PSA") under which this Defendant claims to have acted when servicing Plaintiffs'

account at issue in this matter.

45.     Produce copies of your subscriber contracts, which were in force and existence

with each of the three credit reporting agencies, i.e., Trans Union, LLC f/k/a Trans Union

Corporation, Equifax Inc., and Experian Information Solutions, Inc., between June, 2006 and

October, 2007.

46.     Produce a copy of each and every document involving communication(s) or

contact(s) between you and the following persons, which in any way references Plaintiffs, or any

allegation or defense asserted in this action:

a) Experian Information Solutions, Inc.;

b)  Trans Union, LLC f/k/a Trans Union Corporation;

c) Equifax Inc.;

d) Any state or federal governmental entity;

e) Any other consumer reporting agency; and/or

f) Any other defendant in this case.

47.     Produce the FNFA, FHLMC or HUD Single Family Servicing Guidelines or any other servicing guidelines used for the servicing of this mortgage loan.

48.     Produce a complete copy of the Investor Loss Mitigation and Loan Modification Guidelines related to this mortgage loan.

49.     Produce copies of the last three (3) Fitch rating reports for the current Servicer.

50.     Produce all documents recording, reflecting or otherwise relating to visits which the Plaintiff or its agents made to Plaintiff's home in connection with the loan transaction.

51.     Produce all documents and records in the servicing file.

52.     Produce all documents and records related to all servicer advances made by any servicer of this mortgage loan.

53.     Produce all documents and records related to all non-recoverable advances made by any servicer of this mortgage loan.

54.     Produce copies of front/back of all descriptions and legends of all Codes used in your mortgage servicing and accounting system so the examiners and auditors and experts retained to audit and review this mortgage account may properly conduct their work.

55.     Produce all records for any custodial accounts used for any purpose in connection with this mortgage loan including the date, amount and source of all deposits in such accounts and the date, amount and purpose for all disbursements including the name and address of any party who received any such disbursement.

III.   REQUEST FOR ADMISSIONS

56.     Admit or deny this Defendant accepts liability for improperly applying payments to Plaintiffs' mortgage account for loan numbered 0005410514.

RESPONSE:

57.     Admit or deny this Defendant accepts liability for the damages of Plaintiffs for the improper application of monies sent in for payments on loan numbered 0005410514.

RESPONSE:

58.     Admit or deny this Defendant charged fees to Plaintiffs that were not allowed under Plaintiff's mortgage contract for loan numbered 0005410514.

RESPONSE:

59.     Admit or deny Plaintiffs were required to sign a mortgage contract for loan numbered 0005410514 that Plaintiffs had no ability to delete or add to the terms of said contract.

RESPONSE:

60.     Admit or deny this Defendant violated the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. 12 U.S.C. §2605(e)(3) by failing to protect Plaintiff's credit rating during the 60-day period that began on its receipt of Plaintiff's QWRs.

RESPONSE:

61.     Admit or deny this Defendant violated 12 U.S.C. §2605(e)(2) by failing to properly respond to Plaintiff's QWRs and make corrections as required by 12 U.S.C. §2605(e)(2).

RESPONSE:

                                   s/Wesley L. Phillips
                                   Wesley L. Phillips (PHI053)
                                   Attorney for Plaintiffs

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham,  Alabama 35213
(205) 383-3585  - voice
(800) 536-0385 - facsimile

### PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEI**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**O F F I C I A L   U S E**

| | |
|---|---|
| Postage | $ 207 |
| Certified Fee | 280 |
| Return Receipt Fee (Endorsement Required) | 230 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 7.17 |

CV09-900089
DI
Postmark
Here

OCT 3 2009

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

7006 2150 0003 9213 8535

PS Form 3800, August 2006                See Reverse for Instructions

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Citimortgage Inc.
2000 Interstate Pk Dr.
Suite 204
Montgomery, AL. 36109

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X The Corporation Company

☐ Agent
☐ Addressee

B. Received by (Printed Name)

The Corporation Company

C. Date of Delivery

10/13/07

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

CV09-900089   DI

3. Service Type
   ☒ Certified Mail   ☐ Express
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)

FILED IN OFFIC

OCT 15 2009

2. Article Number
   (Transfer from service label)

7006 2150 0003 9213 8535

CARL N. CARTER, JR.
CIRCUIT CLERK
BESSEMER DIVISION 540

PS Form 3811, February 2004   Domestic Return Receipt



**AlaFile E-Notice**

**68-CV-2009-900089.00**

Judge: HON. EUGENE R. VERIN

To: PHILLIPS WESLEY LEVON
wlp@wphillipslaw.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

### JOY P. KENDALL V. CITIMORTGAGE, INC.
### 68-CV-2009-900089.00

The following matter was served on 10/13/2009

**D001 CITIMORTGAGE, INC.**

**AUTHORIZED SERVICE**

**EARL CARTER**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
1801 3RD AVENUE NORTH
BESSEMER, AL 35020

205-481-4165
earl.carter@alacourt.gov